IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MALIK WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:21-cv-726 |
| vs. | ) |
| | ) **JURY DEMAND** |
| C & C FABRICATION, LLC, | ) |
| | ) |
| Defendant. | |

## **COMPLAINT**

### **I. JURISDICTION**

1. This is a suit for relief from race discrimination and retaliation instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), and 42 U.S.C. §1981 ("§1981"). The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4). This Court has jurisdiction over state common law claims pursuant to pendent jurisdiction.

2. Plaintiff Malik White ("Plaintiff") timely filed his charge of discrimination against defendant C & C Fabrication, LLC ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this complaint within 90 days after receipt of his right-to-sue letter from the EEOC.

## II. PARTIES

3. Plaintiff is a citizen over the age of nineteen and a resident of Lanett, Chambers County, Alabama.

4. Defendant is a limited liability company located in Lanett, Chambers County, Alabama and was so during all times pertinent to this complaint.

5. Defendant is and was during the events alleged in this case an employer as that term is contemplated under Title VII.

## III. FACTS

6. Plaintiff is African-American.

7. In or about January of 2020, Plaintiff became employed by Defendant at its facility in Lanett, Alabama.

8. Plaintiff worked mainly as a welder but did other work.

9. Plaintiff's supervisor was Mike Edwards.

10. Edwards is Caucasian.

11. There were about 30 employees in the company during Plaintiff's employ.

12. There were two other African-American employees during the time Plaintiff worked there, but Edwards terminated them.

13. After that, Plaintiff was the only African-American employee.

14. All the other employees were Caucasian.

15. During Plaintiff's employ, Edwards regularly subjected him to harassment based on his race.

16. Edwards yelled and cursed at Plaintiff regularly but did not treat the Caucasian employees under him this way.

17. Edwards gave Plaintiff the worst job assignments, scrutinized his work, and questioned him about things that he did not say anything to the other employees under him about, all of whom were Caucasian.

18. Edwards called Plaintiff "boy," "bitch," and "jigaboo."

19. Edwards regularly made racial jokes and comments.

20. Plaintiff asked Edwards to stop yelling and cursing at me and calling him these names, but Edwards did not stop.

21. Mark Crowder is a co-owner of Defendant.

22. Crowder is Caucasian.

23. Plaintiff complained to Crowder several times about Edwards yelling and cursing at Plaintiff and that Edwards did not treat the Caucasian employees under him that way.

24. Crowder told Plaintiff that he could not do anything about the way Edwards talked to Plaintiff.

25. On or about June 30, 2020, Edwards was yelling and cursing at Plaintiff and came at Plaintiff in an angry state, like he wanted to fight.

26. It scared Plaintiff, who knew that Edwards had said before that he kept a gun in his car at work.

27. Plaintiff told Crowder about it and also about Edwards calling him "boy" and "bitch."

28. Crowder again said that he could not do anything about the way Edwards talked to Plaintiff.

29. On or about July 1, 2020, Plaintiff submitted a written complaint to Human Resources that Edwards had threatened him and had been harassing him.

30. Crowder then gave Plaintiff a disciplinary action about damaging a truck, which had happened a month or two earlier.

31. Plaintiff brought up to Crowder his complaint about Edwards.

32. Crowder again said that he could not do anything about the way Edwards talked to Plaintiff.

33. Crowder sent Plaintiff home for the day and told him to come back the next day.

34. This was only disciplinary action Plaintiff received.

35. Also on or about July 1, 2020, Plaintiff learned that evening that a friend he had recently been around had tested positive for COVID-19.

36. Plaintiff was advised to get tested and to quarantine.

37. On or about July 2, 2020, Plaintiff went to work that morning and reported this to Tiffany Still, Defendant's Human Resources Manager.

38. Still is Caucasian.

39. Plaintiff relayed to Still that he was told to get a COVID-19 test and to quarantine.

40. Still told Plaintiff to leave and that she would tell Crowder.

41. Still called Plaintiff later that day and told him that he was terminated for being a "no call no show."

42. This was false and pretextual.

## IV. CAUSES OF ACTION

### COUNT I

### TITLE VII- RACIAL HARASSMENT

43. Paragraphs 1-42 above are incorporated by reference.

44. Defendant violated Plaintiff's rights under Title VII by subjecting him to racial harassment that constituted a hostile environment and/or culminated in an adverse employment action.

45. As a result of the above described discriminatory acts, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

### 42 U.S.C. §1981-RACIAL HARASSMENT

46. Paragraphs 1-42 above are incorporated by reference.

47. Defendant violated Plaintiff's rights under §1981 by subjecting him to racial harassment that constituted a hostile environment and/or culminated in an adverse employment action.

48. As a result of the above described discriminatory acts, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court enter an Order declaring that Defendant's acts as described herein violated 42 U.S.C. §1981;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under §1981;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT III

## TITLE VII- TERMINATION

49. Paragraphs 1-42 above are incorporated by reference.

50. Defendant violated Plaintiff's rights under Title VII by terminating his employment because of his race and/or in retaliation for his opposition to racial discrimination in the workplace.

51. With respect to his claim that he was terminated because of his race, Plaintiff pleads both a single-motive and mixed-motive theory.

52. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's act as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by providing lost back-pay, reinstating him and placing him in the position he would have occupied in the absence of discrimination (or, alternatively, front-pay), and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT IV

### 42 U.S.C. §1981- TERMINATION

53. Paragraphs 1-42 above are incorporated by reference.

54. Defendant violated Plaintiff's rights under §1981 by terminating his employment because of his race and/or in retaliation for his opposition to racial discrimination in the workplace.

55. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

y

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court issue an Order declaring that Defendant's act as described herein violated §1981;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by providing lost back-pay, reinstating him and placing him in the position he would have occupied in the absence of discrimination (or, alternatively, front-pay), and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under §1981;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT V

## WANTON SUPERVISION

56. Paragraphs 1-42 above are incorporated by reference.

57. Defendant wantonly supervised Edwards because it failed to take steps to stop him from racially harassing Plaintiff after Defendant was aware of facts placing it on notice that Edwards would likely or probably racially harass Plaintiff or other African-American employees.

58. As a result of the wanton supervision, Plaintiff has suffered damages including emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff requests that a judgment be entered against Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact, and that Defendant be required to pay Plaintiff's costs in this action.

## COUNT VI

## NEGLIGENT SUPERVISION

59. Paragraphs 1-42 above are incorporated by reference.

60. Defendant negligently supervised Edwards because it failed to take steps to stop him from racially harassing Plaintiff after it was aware of facts placing it on notice that Edwards had previously racially harassed Plaintiff.

61. As a result of the negligent supervision, Plaintiff has suffered damages including emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff requests that a judgment be entered against Defendant for compensatory damages in an amount to be determined by the trier of fact, and that Defendant be required to pay Plaintiff's costs in this action.

Respectfully submitted,

*/s/ Adam M. Porter*
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com


Plaintiff requests trial by struck jury.

*/s/ Adam M. Porter*
Attorney for Plaintiff

<u>Defendant's Address</u>:
C & C Fabrication, LLC
c/o Anthony Crowder, Registered Agent
3736 S. Phillips Rd.
Lanett, AL 36863-3720